ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SHIRLEY VOKAC SEYLES<br><br>APELADA<br><br>V.<br><br>JOSÉ ALBERTO FELICIANO RUIZ<br><br>APELANTE | KLAN202400978 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Aguadilla<br><br>Sala: 601<br><br>Caso Núm. SJ2021CV06357<br><br>Sobre:<br>Cobro de Dinero – Ordinario |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece ante nos, José Alberto Feliciano Ruiz (en adelante, "el apelante"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 29 de agosto de 2024 y notificada vía edicto el 13 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante el referido dictamen el foro recurrido declaró *Ha Lugar* la "*Demanda*," presentada por Shirley Vokac Seyles (en lo sucesivo, "la apelada").

Por los fundamentos que expondremos a continuación, *desestimamos* el presente recurso por falta de *jurisdicción*.

**I.**

El 28 de febrero de 2024, la apelada presentó la "*Demanda*" de epígrafe. En síntesis, sostuvo que el 7 de febrero de 2017, el apelante suscribió un pagaré al portador mediante el cual se obligó a efectuar solidariamente los pagos de una deuda hipotecaria. Sin embargo, según argumentó, el apelante dejó de cumplir la referida obligación, por lo cual

Número Identificador
SEN2024 _____

adeuda la suma total de $350,993.15. Añadió, que ella es la tenedora del referido pagare, razón por la cual exigía que el apelante satisficiera lo debido.

Así las cosas, surge del expediente ante nos, que el apelante se negó a ser emplazado de forma personal por lo que el 18 de julio de 2024 fue emplazado mediante edicto. Posterior a ello, el 28 de agosto de 2024, se anotó la rebeldía del apelante por no haber presentado una alegación responsiva dentro del tiempo requerido por el ordenamiento procesal civil. Ante ello, el 13 de septiembre de 2024, se notificó por edicto la "*Sentencia*" que nos ocupa. Mediante esta, el foro recurrido declaró *Ha Lugar* la "*Demanda*."

En fecha posterior, el 27 de septiembre de 2024, el apelante presentó una "*Moción Solicitando la Desestimación y en la Alternativa la Paralización de los Procedimientos.*" Mediante la cual, aseveró que el emplazamiento por edicto se había solicitado luego de los ciento veinte (120) días establecidos para su diligenciamiento. A su vez, sostuvo que el único deudor de la obligación en controversia era una persona jurídica, la cual se había sometido a un procedimiento de quiebra. En virtud de ello, peticionó que se desestimara o paralizara el caso en cuestión.

En reacción, el 30 de septiembre de 2024, la apelada presentó una *"Moción en Oposición a Desestimación y en la Alternativa la Paralización de los Procedimientos.*" En esencia, alegó que el apelante fue emplazado dentro del término dispuesto para ello en el ordenamiento procesal civil. Además, planteó que el apelante también era un deudor solidario de la obligación objeto de litigio. Así pues, peticionó que se declarara *No Ha Lugar* la "*Moción Solicitando la Desestimación y en la Alternativa la Paralización de los Procedimientos.*"

En atención a las referidas mociones, el 30 de septiembre de 2024, el foro recurrido notificó una "*Orden.*" Mediante esta, declaró *No Ha Lugar* la "*Moción Solicitando la Desestimación y en la Alternativa la Paralización de los Procedimientos,*" presentada por el apelante.

Posteriormente, el 1 de octubre de 2024, el apelante presentó una "*Duplica y Solicitud de Reconsideración.*" Mediante esta, peticionó que se dejara sin efecto la "*Sentencia*" emitida para este caso. La referida solicitud fue declarada *No Ha Lugar* por el foro recurrido con fecha de notificación del 3 de octubre de 2024. Inconforme, el 1 de noviembre de 2024, el apelante compareció ante nos mediante una "*Apelación Civil.*" A través de esta esbozó el siguiente señalamiento de error:

> Erro el Tribunal de Primera Instancia al Declarar No Ha Lugar la Moción de Reconsideración y Solicitud de la Paralización de los Procesos de este Caso.

**II.**

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24.  Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374 (2020)*; *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).  De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey- Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007).

En lo que aquí nos concierne, "[l]a parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia." Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47. La precitada regla también establece que "[l]a moción de reconsideración que no cumpla con las especificidades de esta

regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir." *Íd.* Finalmente, es preciso destacar que "los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término, no importa las consecuencias procesales que su expiración provoque". *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017).

### III.

Conforme surge de los hechos, la "*Sentencia*" que hoy nos ocupa fue notificada por edicto el 13 de septiembre de 2024. Sin embargo, no fue hasta el 1 de octubre de 2024, que el apelante solicitó que se reconsiderara la referida "*Sentencia.*" Al ser así, el apelante presentó su "*Duplica y Solicitud de Reconsideración*" luego de transcurridos dieciocho (18) días de haberse notificado el aludido dictamen. Por consiguiente, el apelante incumplió con el término jurisdiccional de quince (15) días dispuesto en la Regla 47, *supra* para presentar una moción de reconsideración. Ante ello, la solicitud del apelante no fue oportuna y tampoco interrumpe el término para recurrir ante esta Curia.

Los términos jurisdiccionales son de naturaleza fatal, por lo cual no están sujetos a prórroga ni pueden ser subsanados. La inadvertencia de cumplir con éstos tiene el efecto de privar de autoridad a los tribunales para entrar en los méritos de las controversias planteadas. Así pues, concluimos que carecemos de jurisdicción para evaluar en sus méritos el recurso de epígrafe, por lo cual lo desestimamos.

### IV.

Por los fundamentos expuestos, *desestimamos* por falta de *jurisdicción* la "*Apelación Civil*" presentada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones